# Enyard v. Weinmann.

*Appeals—Findings by the trial judge—Evidence of resulting trust.*

Where the only question involved is whether the proofs adduced by the defendant in support of an answer to a bill in equity, were sufficient to charge a trust upon the legal title, the appellate court will not reverse the finding of the court below that they were not; where there was no proper evidence of a trust expressed by writing; none that the money of the alleged cestui que trust went into the purchase of the ground rent when purchased by the legal owner; and none of a resulting trust accruing within five years preceding the proceeding to prove and enforce it. The provisions of sections 4 and 6 of the Act of April 22, 1856, P. L. 532, are directly applicable.

Argued Oct. 16, 1900. Appeal, No. 121, Oct. T., 1900, by defendant, in suit of James B. Enyard and Thomas B. Hall against Harry Weinmann, from decree of C. P. No. 4, Phila. County, Dec. T., 1898, No. 265, dismissing exceptions to adjudication. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Adjudication on bill, answer and proof. Before WILLSON, J.

ESSENTIAL FACTS STATED BY THE SUPERIOR COURT.

The bill in this case is for a partition of a ground rent which was conveyed to Charles Enyard by deed, dated January 29, 1859, duly recorded. Charles Enyard died May 28, 1883. By his will he devised his estate to his three sons, Edward, Albert and William. Albert died intestate January 29, 1891. On October 6, 1893, Edward and William, in ignorance of the fact that Albert had left a son to survive him, conveyed the ground rent, involved in this proceeding, to Henry Weinmann, the defendant. The plaintiff, James B. Enyard, is the son of Albert and claims (with his coplaintiff, to whom he assigned an interest) title to one third of the ground rent. The defense to the claim is based upon the allegation that the title to the ground rent, although absolute on its face, was held by Charles Enyard in trust for his son Edward, and that, therefore, the conveyance to Weinmann by Edward (and his brother) passed

a good title. The court below filed a first adjudication sustaining the defendant's title. After rehearing, however, a second adjudication was filed and a decree entered in favor of the plaintiffs.

The only question involved is whether the proofs adduced by the defendant were sufficient to charge a trust upon the title of Charles Enyard. The court below has found that they were not.

The trial judge found that plaintiff had an interest in the ground rent in question and exceptions to his adjudication were dismissed by the court in banc. Defendant appealed.

*Errors assigned* were (1) in dismissing appellant's first exception, which is as follows: "1. Because the learned court erred in finding that the plaintiff had an interest in the ground rent in question." (2) In dismissing appellant's second exception which is as follows: "2. Because the learned court erred in finding that the plaintiff was entitled to partition of the ground rent mentioned in plaintiff's bill."

*DeForrest Ballou*, for appellant.—Nothing more is necessary than to prove that the land was paid for with a cestui que trust's money: Lynch v. Cox, 23 Pa. 265; Rowley's Appeal, 115 Pa. 150.

In answer to respondent's assertion that there existed a trust which protected his title, plaintiffs say it should not be enforced because of the provisions of the Act of April 22, 1856, P. L. 532.

Interpreting the act, by the mischief to be prevented by it, shows that this is not a case within it.

It has been held in all the cases (Douglass v. Lucas, 63 Pa. 9; McNinch v. Trego, 73 Pa. 52; McLaughlin v. Fulton, 104 Pa. 161; Way v. Hooton, 156 Pa. 8; Miller v. Baker, 160 Pa. 172; Miller v. Baker, 166 Pa. 414) that when the cestui que trust is in possession during the running of the statute, the limitation does not apply, the possession being a constant assertion and continual claim of the trust.

*Charles Francis Gummey,* for appellees.—The appellant's claim is barred by the 4th and 6th sections of the Act of April 22, 1856, P. L. 532. "And this act," says Mr. Justice PAXSON, in

Christy v. Sill, 95 Pa. 380, "is not, strictly speaking, an act of limitation, but rather of repose. . . . There must be some point of time when a purchaser of real estate at a judicial sale shall not have his title cut up by the roots by mere parol evidence of what took place at such sale; or by a secret trust disentombed after the lapse of years, and set up by the uncertain recollection of witnesses as to remote transactions."

To take this case out of the statute of frauds and bring it within the ruling of Galbraith v. Galbraith, 190 Pa. 225, it must be shown conclusively to the satisfaction of the trial judge that Edward Enyard's money went into this ground rent at the inception of the title, that is, at the time the conveyance was made to Charles Enyard; that the purchase was made for Edward's account, and that taking title in Charles's name was in violation of an agreement by which the deed was to be made to Edward. There is not a line or a word in all the testimony to prove this.

The findings of a chancellor will not be reversed except on clear evidence of mistake: Steinmeyer v. Siebert, 190 Pa. 471.

OPINION BY WILLIAM W. PORTER, J., December 10, 1900 (after stating the facts as set out in the statement of facts):

An examination of the testimony and a consideration of the effect of it under the provisions of the statute, have not led us to differ from the findings and conclusions of the court below. It is said in the adjudication, inter alia, "The only written evidence that Charles Enyard held the ground rent, in dispute, in trust for his son, Edward, is contained in an entry which was made in his book and in a paper called a receipt. . . . These writings were neither of them signed by Charles Enyard, and they did not individualize or identify the ground rent to which they refer. . . . The memorandum in the handwriting of Charles Enyard was made nearly twenty years after he took title to the property and it nowhere appears that this written declaration, whatever it may be worth, was made within five years of the time when the alleged trust in favor of Edward Enyard came into existence."

It is contended that there was testimony tending to show that the ground rent was treated by Charles Enyard as the property of Edward; that the arrears were paid over to the latter

from time to time, and that Edward was thus in open possession and enjoyment. The best of this testimony was furnished by Catherine Enyard, the widow of William. Of it the learned judge of the court below says : " Her evidence related to a date long subsequent to the time when the ground rent vested in Charles Enyard, and on the whole I am of opinion that her evidence cannot be regarded as conclusive in regard to the nature of the title or interest in the ground rent," etc. There was, therefore, no proper evidence of a trust expressed by writing (see Dyer's Appeal, 107 Pa. 446) ; there was none that the money of Edward Enyard went into the purchase of the ground rent when title was taken by his father (see Silliman v. Haas, 151 Pa. 52) ; and none of a resulting trust accruing within five years preceding this proceeding to prove and enforce it (see Way v. Hooten, 156 Pa. 8, 21). The provisions of sections 4 and 6 of the Act of April 22, 1856, P. L. 532, are directly applicable and prevent a decree in the defendant's favor.

The judgment is affirmed.